PIEDMONT & GEORGES CREEK COAL COMPANY

*vs.*

M. B. PERRY and C. O. PERRY.

Knox County. Decided December 7, 1917. This case comes up on report. It is an action of assumpsit to recover the sum of one hundred dollars, the balance of the purchase price of a cargo of coal.

The defendants set up as special matters of defense, first, that before the bringing of this action they paid $59.51 on a trustee execution issued on a judgment rendered by the Supreme Judicial Court for Knox County in an action wherein one A. W. Hutchings was the plaintiff and this plaintiff company was the defendant, and these defendants were summoned and charged as trustees; and, second, that before the bringing of this action these defendants were summoned as the trustees of the plaintiff Coal Company in another action brought by the aforesaid A. W. Hutchings against it and now pending in the said Supreme Judicial Court, and wherein the ad damnum is $100.

It is claimed by the plaintiff herein that the judgment, and execution issued thereon, on which said defendants paid the $59.51, were illegal and void, and, therefore, that said payment affords no defense in this action. It is also claimed by the plaintiff that the second trustee process, although served on the defendants herein, has not been served on the principal defendant therein, and that it cannot now be legally served on said principal defendant.

If it should be determined that the judgment rendered, and the execution issued thereon, in the first trustee suit, and on which the defendants paid the $59.51, were illegal and void, still the balance due from the defendants to the Coal Company on the cargo of coal, is covered and attached by the second trustee process, served on the defendants before this action was commenced, and which is still pending.

It is plain, therefore, that the rights of the parties involved in this case now before the Law Court cannot be fully and finally determined until that pending trustee process is disposed of. Whether or not an order for the service of that pending trustee action on the principal defendant therein can and should now be granted, is a matter to be determined in that case, and not in this, for the plaintiff therein is not before us. His right to have these defendants charged as trustees of the Coal Company under his pending suit against it, cannot be adjudicated in this action so as to bind him. And we think this court should not pass upon that question in this action.

It is therefore the opinion of the court that this report should be discharged and that the case should await at nisi prius the disposal of the aforesaid pending trustee action. Report discharged. Case dismissed from law docket. *Rodney I. Thompson,* for plaintiff. *Philip Howard,* for defendant.